UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

----------------------------------------------------------------- x

MARK SELIGER, an individual

                    Plaintiff,

        - against -

G/O MEDIA, INC., a Delaware
Corporation, doing business as,
"Gizmodo.com" and "Deadspin.com";
And DOES 1-10, inclusive,

                 Defendants.

----------------------------------------------------------------- x

Docket No. 20-cv-07861-CM

## ANSWER

Defendant G/O Media, Inc. (hereinafter, "G/O Media") by and through its undersigned attorneys, answers the complaint of Mark Seliger ("Plaintiff") filed September 23, 2020 (the "Complaint"), using the same headings and paragraph numbering employed by Plaintiff in his Complaint, as follows:

### RESPONSE TO JURISDICTION AND VENUE

1.      To the extent the allegations in Paragraph 1 of the Complaint are deemed to be allegations of law, G/O Media is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, G/O Media admits that this action purports to be an action arising under the Copyright Act of 1976, but denies that Plaintiff has asserted an actionable claim for copyright infringement or for the removal and/or alteration of copyright management information pursuant to that Act or any other statute.

2.      To the extent the allegations in Paragraph 2 of the Complaint are deemed to be allegations of law, G/O Media is not required to plead thereto. To the extent that such allegations

4848-3457-8641v.3 0116641-000001

are deemed to be allegations of fact, G/O Media does not contest the subject matter jurisdiction of this Court.

3.       To the extent the allegations in Paragraph 3 of the Complaint are deemed to be allegations of law, G/O Media is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, G/O Media admits that venue is proper in this District for the purposes of this action only.

## **RESPONSE TO PARTIES**

4.       G/O Media lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations set forth in Paragraph 4 of the Complaint and, on that basis, denies those allegations.

5.       To the extent the allegations in Paragraph 5 of the Complaint are deemed to be allegations of law, G/O Media is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, G/O Media admits that it does business in New York, where it maintains an office.

6.       G/O Media denies knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 6 of the Complaint and, on that basis, denies those allegations.

7.       To the extent the allegations in Paragraph 7 of the Complaint are deemed to be allegations of law, G/O Media is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, G/O Media denies those allegations.

8.       G/O Media lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations set forth in Paragraph 8 of the Complaint and, on that basis, denies those allegations.

9.      G/O Media lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations set forth in Paragraph 9 of the Complaint and, on that basis, denies those allegations, except admits only that the Complaint purports to include an Exhibit A and respectfully refers to that Exhibit for a true and accurate representation of the contents thereof.

10.      G/O Media lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations set forth in Paragraph 10 of the Complaint and, on that basis, denies those allegations.

11.      To the extent the allegations in Paragraph 11 of the Complaint are deemed to be allegations of law, G/O Media is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, G/O Media denies that Plaintiff has asserted an actionable claim for copyright infringement, for the removal and/or alteration of copyright management information, or any other wrongful practice, except admits only that the Complaint purports to include an Exhibit B and respectfully refers to that Exhibit for a true and accurate representation of the contents thereof.

12.      G/O Media lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations set forth in Paragraph 12 of the Complaint and, on that basis, denies those allegations.

## RESPONSE TO FIRST CLAIM FOR RELIEF
(For Copyright Infringement – Against all Defendants, and Each)

13.      G/O Media repeats and realleges each and every admission, denial, and referral made in response to Paragraphs 1 through 12 of the Complaint as if made in response to this Paragraph 13.

14.     To the extent the allegations in Paragraph 14 of the Complaint are deemed to be allegations of law, G/O Media is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, G/O Media lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations set forth in Paragraph 14 of the Complaint and, on that basis, denies those allegations.

15.     To the extent the allegations in Paragraph 15 of the Complaint are deemed to be allegations of law, G/O Media is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, G/O Media lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations set forth in Paragraph 15 of the Complaint and, on that basis, denies those allegations, except admits only that the Complaint purports to include an Exhibit B and respectfully refers to that Exhibit for a true and accurate representation of the contents thereof.

16.     G/O Media denies the allegations in Paragraph 16 of the Complaint.

17.     G/O Media denies the allegations in Paragraph 17 of the Complaint.

18.     G/O Media denies the allegations in Paragraph 18 of the Complaint.

19.     G/O Media denies the allegations in Paragraph 19 of the Complaint.

**RESPONSE TO SECOND CLAIM FOR RELIEF**
(For Vicarious and/or Contributory Copyright Infringement – Against all
Defendants, and Each)

20.     G/O Media repeats and realleges each and every admission, denial, and referral made in response to Paragraphs 1 through 19 of the Complaint as if made in response to this Paragraph 20.

21.     G/O Media denies the allegations in Paragraph 21 of the Complaint.

22.     G/O Media denies the allegations in Paragraph 22 of the Complaint.

4848-3457-8641v.3 0116641-000001

23.     G/O Media denies the allegations in Paragraph 23 of the Complaint.

24.     G/O Media denies the allegations in Paragraph 24 of the Complaint.

25.     G/O Media denies the allegations in Paragraph 25 of the Complaint.

**RESPONSE TO THIRD CLAIM FOR RELIEF**
(For Violations of the 17 U.S.C. §1202  – Against all Defendants, and Each)

26.     G/O Media repeats and realleges each and every admission, denial, and referral made in response to Paragraphs 1 through 25 of the Complaint as if made in response to this Paragraph 26.

27.     G/O Media lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations set forth in Paragraph 27 of the Complaint and, on that basis, denies those allegations.

28.     G/O Media denies the allegations in Paragraph 28 of the Complaint.

29.     G/O Media denies the allegations in Paragraph 29 of the Complaint, except admits only that the Complaint purports to include an Exhibit A and respectfully refers to that Exhibit for a true and accurate representation of the contents thereof.

30.     To the extent the allegations in Paragraph 30 of the Complaint are deemed to be allegations of law, G/O Media is not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, it is not clear what "the aforementioned facts" refers to, and G/O Media therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the allegations set forth in Paragraph 30 of the Complaint and, on that basis, denies those allegations.

31.     G/O Media denies the allegations in Paragraph 31 of the Complaint.

4848-3457-8641v.3 0116641-000001

## RESPONSE TO PRAYER FOR RELIEF

G/O Media denies that Plaintiff is entitled to any relief whatsoever and, as a result, denies Plaintiff's Prayer for Relief in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. G/O Media denies all allegations, declarations, claims or assertions in the Complaint that are not specifically admitted in this answer. To the extent the headings contained in the Complaint constitute allegations, such allegations are denied.

G/O Media further propounds the following separate and additional defenses and, by doing so, G/O Media is not in any way acknowledging or conceding that it has the burden of proof on any issue or defense as to which applicable law places such burden on Plaintiff. G/O Media hereby gives further notice that, due to incomplete knowledge as to the matters set forth in the Complaint, it is unable to determine at this time whether it has additional affirmative defenses not expressly enumerated in this Answer. G/O Media, therefore, reserves the right to amend its answer and defenses in order to assert any additional defenses and to rely upon those additional defenses as may later become available or apparent to G/O Media during discovery or further proceedings in this action.

4848-3457-8641v.3 0116641-000001

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      Upon information and belief, Plaintiff's claims are barred, in whole or in part, to the extent any copyright registrations asserted by Plaintiff as covering the Subject Photography are invalid, unenforceable, or otherwise does not cover the photographs in suit.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims as to some or all of the images in suit were discharged in Gawker Media's bankruptcy proceedings.

## SIXTH AFFIRMATIVE DEFENSE

6.      Defendant is protected from liability pursuant to the 'safe harbor' provisions of the Digital Millennium Copyright Act, 17 U.S.C. 512.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are barred, in whole or in part, by the defense of license, implied license and/or course of dealing.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4848-3457-8641v.3 0116641-000001

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims are barred, in whole or in part, by express or implied waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of misuse of copyright.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims are barred, in whole or in part, because he failed to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no damages as a result of any conduct by G/O Media.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims for actual damages are barred, in whole or in part, because Plaintiff has failed to allege his purported actual damages with the requisite particularity, and because his damages are speculative and imprecise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     To the extent this Court finds any infringement or other wrongful conduct by G/O Media, Plaintiff's actual damages are limited to only those incurred in the three years immediately preceding the commencement of this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff is not entitled to recover any of G/O Media's profits because such profits, if any, are not attributable to any alleged infringement or other activity and are duplicative of Plaintiff's purported actual damages.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims for statutory damages are barred, in whole or in part, because G/O Media has not willfully infringed any intellectual property or other rights owned by Plaintiff and because G/O Media has acted in good faith and without any intention of injuring Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims for statutory damages are barred, in whole or in part, to the extent that, when measured against any actual damage suffered by Plaintiff, would be excessive, patently unreasonable, and wholly disproportionate in violation of the Due Process clause.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's claims for punitive damages are barred since an award of enhanced damages is not authorized under the Copyright Act, the Digital Millennium Copyright Act, or any other relevant statute.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims allegedly arising under the Digital Millennium Copyright Act, 17 U.S.C. § 1202 are barred, in whole or in part, by G/O Media's lack of the requisite scienter.

4848-3457-8641v.3 0116641-000001

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiff's claims allegedly arising under the Digital Millennium Copyright Act, 17 U.S.C. § 1202 are barred, in whole or in part, by the absence of copyright management information from the work allegedly used by G/O Media.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims for injunctive relief are barred, in whole or in part, since Plaintiff cannot show irreparable injury.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Plaintiff's claims for injunctive relief are barred, in whole or in part, since Plaintiff has a complete and adequate remedy at law.

4848-3457-8641v.3 0116641-000001

**RELIEF REQUESTED**

WHEREFORE, Defendant G/O Media, Inc. respectfully requests that:

1.       Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.       Plaintiff take nothing;

3.       Defendant G/O Media, Inc. be awarded its costs of suit, including reasonable

attorneys' fees and costs; and

4.        The Court award such other and further relief as the Court deems just and proper.


Dated:  New York, New York
           November 11, 2020

Respectfully submitted,

**DAVIS WRIGHT TREMAINE LLP**

/s/ *James Rosenfeld*
James Rosenfeld
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Tel: (212) 603-6455
Fax: (212) 489-8340
Email:  jamesrosenfeld@dwt.com

*Attorneys for Defendant G/O Media, Inc.*